United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUIS PALAFOX, JR. | § § | |
| VS. | § | CIVIL ACTION NO. 5:22-cv-73 |
| FLAVIO EDUARDO ZAMUDIO, JR. | § § | |

**ORDER**

On August 4, 2023, United States Magistrate Judge Christopher dos Santos filed a Report and Recommendation ("Report"), in accordance with 28 U.S.C. § 636(b)(1), as to an Order to Show Cause why Plaintiff's attorney should not be sanctioned for failing to adequately research the Defendant's citizenship status (Dkt. Nos. 29, 33). Plaintiff's attorney, Ms. Maldonado, timely filed objections to the Report (Dkt. No. 35).

The Court has conducted a careful *de novo* review of the Report and Ms. Maldonado's objections to it, considering relevant precedent and other filings in this case. *See* 28 U.S.C. § 636(b)(1) (requiring the district judge to make *de novo* determinations as to portions of the magistrate judge's findings and recommendations which are objected to). Finding no error, the Court hereby **ADOPTS** the Report (Dkt. No. 33).

## I. BACKGROUND

Plaintiff filed a complaint regarding a motor vehicle accident on July 28, 2022, invoking diversity jurisdiction (Dkt. No. 1 at 1). In subsequent filings, Plaintiff stated that Defendant was not a U.S. citizen or lawful permanent resident,

citing Defendant's Mexico driver's license, the Mexico license plates on the car Defendant was driving, the Defendant's Mexico auto insurance policy, and the Mexico address listed on the policy (Dkt. Nos. 5 at 1, 6 at 1–2).

However, when Ms. Maldonado submitted this documentation to the Court, she neglected to mention a critical fact known to her at the time – the crash report for the accident indicated that Defendant had a Texas ID number (Dkt. Nos. 5, 6, 33 at 6–7). It was not until nine months later, after protracted default judgment motions[1] and an evidentiary hearing on damages, that Ms. Maldonado disclosed the crash report indicating the Texas ID number existed (Dkt. No. 26, Dkt. No. 33 at 3).

A search of the Texas Secretary of State website using the ID number showed that Defendant was registered to vote in Webb County, Texas, a right granted only to United States citizens (Dkt. No. 29 at 3). The Magistrate Judge ordered Ms. Maldonado to show cause why she should not be sanctioned for failing to adequately research Defendant's citizenship (*id.* at 4).

After considering Ms. Maldonado's response (Dkt. No. 31), the Magistrate Judge issued its Report, recommending a sanction of 3 hours of Texas Continuing Legal Education on subjects related to candor to the court or the need to conduct diligent research prior to making assertions to a court (Dkt. No. 33 at 9–10). Ms. Maldonado filed objections to the Report on August 18, 2023 (Dkt. No. 35).

---

[1] Plaintiff twice filed a request for entry of default judgment before asking the Clerk of Court to enter default against Defendant, despite the Magistrate Judge's intermediate denial of the request on the basis that Federal Rule of Civil Procedure 55 mandates an entry of default before the entry of default judgment (Dkt. Nos. 11, 12, 14). After the Clerk approved Plaintiff's request for an entry of default (Dkt. No. 16), Plaintiff re-filed a motion for default judgment (Dkt. No. 18). The Magistrate Judge ordered Plaintiff to supplement the motion because it failed to include an adequate discussion of the two-step process necessary to obtain default judgment (Dkt. No. 19).

## II. LEGAL STANDARD

Federal courts are authorized to impose sanctions on a party or its attorney by means of "any just orders." Fed. R. Civ. P. 16(f)(1). The court may order sanctions if a party or its attorney fails to obey a scheduling or other pretrial order. *Id.*

The trial court has "wide authority to impose effective sanctions" under Rule 16(f). *John v. State of La.*, 899 F.2d 1441, 1448 (5th Cir. 1990). The rationale behind imposing sanctions is to prevent undue delays and congestion in the court's calendar. *Riggs v. City of Pearland*, 177 F.R.D. 395, 400 (S.D. Tex. 1997). The court must use the least restrictive sanction necessary to deter the inappropriate behavior. *In re First City Bancorporation of Tex., Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). The court may impose sanctions even after dismissing a case for lack of subject matter jurisdiction. *Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. 2021) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992)).

## III. ANALYSIS

The Report recommends that this Court impose the following sanction:

> Ms. Averie Maldonado shall complete three (3) hours of Texas Continuing Legal Education on a subject or subjects related to candor to the court or the need to exercise due diligence in factual research prior to making assertions to a court. Upon completion, Ms. Maldonado shall send via certified mail a certificate of completion to this Court.

(Dkt. No. 33 at 10).

Ms. Maldonado raises three objections to the Report's findings that, as she puts it: (1) she failed to comply with the Magistrate Judge's August 9, 2022, Order that Plaintiff submit supplemental briefing demonstrating why subject matter jurisdiction existed; (2) she violated Rule 3.03 of the Texas Disciplinary Rules of

Professional Conduct by omitting known facts from her briefing; and (3) she should have known from the facts on hand that there was an "equal possibility" that the Court did or did not have subject matter jurisdiction (Dkt. No. 35 at 2).

The Court will consider these objections in turn.

**Objection 1.** Ms. Maldonado argues that the Magistrate Judge's August 9, 2022, Order incorporated a "good faith standard" against which her conduct should be measured (Dkt. No. 35 at 2). The Magistrate Judge ordered Plaintiff "to submit briefing demonstrating why subject-matter jurisdiction exists," and gave Ms. Maldonado leave to file an amended complaint if she believed in "good faith" that subject matter jurisdiction existed (Dkt. No. 4 at 3).

Assuming a good faith standard does apply, Ms. Maldonado fell short of it by failing to disclose her knowledge of the Defendant's Texas ID number to the Court. Seeing as Ms. Maldonado also knew that the Defendant had a Texas residence and that his Mexico driver's license had expired (Dkt. Nos. 1 at 1, 31 at Exh. B), she did not act in good faith when she failed to adequately research the Defendant's citizenship or disclose his Texas ID number to the Court.

Further, "[i]n deciding whether a sanction is merited [under Rule 16(f)], the court need not find that the party acted in bad faith." *Clemens v. Nissan Motor Co., Ltd.*, No. 3:04-CV-2584-N, 2007 WL 9711935, at *1 (N.D. Tex. 2007) (citation omitted). Ms. Maldonado failed to adequately research the Defendant's citizenship as ordered. This failure, which could have been easily cured, has wasted judicial resources over the course of nearly a year. In addition to dealing with the drawn-out

default judgment motions already discussed, the Magistrate Judge conducted an evidentiary hearing to calculate how much, if anything, the Plaintiff would be awarded in damages. (Minute Entry dated May 10, 2023; Dkt. No. 33 at 3).

The Magistrate Judge then expended significant resources preparing and entering a Report and Recommendation on Plaintiff's request for default judgment (Dkt. Nos. 27, 33 at 4). The Magistrate Judge rescinded this Report and Recommendation four days later after discovering the Texas ID and performing the necessary search of the voter roll on the Texas Secretary of State website. (Dkt. Nos. 28, 29 at 3).

Ms. Maldonado argues that "[o]n their own, neither a Texas ID nor a Texas address were material," (Dkt. No. 35 at 3) citing *Vargas v. Traylor Bros., Inc.*, No. H-09-2521, 2009 WL 6472945, at *1–2 (S.D. Tex. Nov. 4, 2009) for the proposition that Texas residency is insufficient to destroy diversity.

But the documentation presented to the *Vargas* court, such as an identification card issued by the Mexican consulate and a social security card, failed to establish the deceased plaintiff was a lawful permanent resident[2]. *Id.* at *1–2. The documentation here, by contrast, shows that Defendant was a U.S. citizen. All that was required to verify citizenship was a search on the Texas Secretary of State website, which indicates Defendant is a registered voter in Webb County, Texas.

Ms. Maldonado also argues that Rule 16 is a less appropriate vehicle for sanctions than Rule 11, which authorizes sanctions if an attorney's representations

---

[2] Although the plaintiff was deceased, his citizenship determined the citizenship of the representative of his estate under 28 U.S.C. § 1332(c)(2). *Id.*, at 1.

to the court lack evidentiary support (Dkt. No. 35 at 4–5). *See* Fed. R. Civ. P. 11(b)–(c). However, "Rule 16 . . . merely make[s] explicit this Court's discretionary power to control the expeditious disposition of docketed cases." *Gayden v. Galveston Cnty., Tex.*, 178 F.R.D. 134, 136 (S.D. Tex. 1998). The extremely lenient sanction imposed here is well within the Court's authority to ensure compliance with pretrial orders. *See Clemens v. Nissan Motor Co., Ltd.*, No. 3:04-CV-2584-N, at *1 (N.D. Tex. 2007) (finding Rule 16(f) provided ample authority to impose a mild sanction against an attorney who unintentionally failed to comply with a motion in limine).

For the foregoing reasons, Ms. Maldonado's objection that she complied with the Magistrate Judge's Order of August 9, 2022, is **OVERRULED.**

**Objection 2.** Ms. Maldonado objects to the Report's finding that she violated Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct by omitting facts from her briefing. However, the Report only found that omissions of facts *can* violate the duty of candor (Dkt. No. 33 at 9). While the Report recommends that Ms. Maldonado complete 3 hours of Continuing Legal Education about the duty of candor or the need for diligent research prior to making assertions to a court, the Report did not say Ms. Maldonado violated her duty of candor; nor did it recommend she be referred for discipline (*id.*). This Court is not inclined to take that step at this time.

Because the Report did not find that Ms. Maldonado violated Rule 3.03, her objection is **OVERRULED.**

**Objection 3.** Lastly, Ms. Maldonado objects to the Report's finding that the

facts at her disposal showed there was an "equal possibility" that the Court did or did not have subject matter jurisdiction (Dkt. No. 35 at 2). Ms. Maldonado says that in her experience as a Texas resident and attorney, if a driver presents a Texas ID card instead of a driver's license after an accident, then it is more likely than not that the driver is not a U.S. citizen (*id.* at 7).

The Report's finding about there being such an "equal possibility" need not be construed in mathematical terms. As the Report notes, Texas IDs can be procured by U.S. citizens, U.S. lawful permanent residents, or others with lawful presence in the United States (Dkt. No. 34 at 8). *See* Tex. Transp. Code. §§ 521.101(d-1), (f-2). The Report is pointing out that Defendant's citizenship status was sufficiently unclear to oblige Ms. Maldonado to conduct more diligent research than she did. As to this finding, the Court **AGREES** with the Report and **OVERRULES** Ms. Maldonado's objection.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **OVERRULES** Ms. Maldonado's objections (Dkt. No. 35) and **ADOPTS** the Report's recommendation (Dkt. No. 33). 3 hours of Continuing Legal Education is the least restrictive sanction the Court can impose to deter the behavior here. Ms. Maldonado is hereby **ORDERED** to complete three (3) hours of Texas Continuing Legal Education on a subject or subjects related to candor to the court or the need to exercise due diligence in factual research prior to making assertions to a court. Upon completion, Ms. Maldonado is **ORDERED** to send via certified mail a certificate of completion

to this Court no later than **March 1, 2024**.

    It is so **ORDERED**.

    **SIGNED** August 30, 2023.

                                                          Marina Garcia Marmolejo
                                                          United States District Judge